UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06734-MWC-KES **(ADELANTO)** Date: November 17, 2026

Title: Martín Alejandro García España v. Warden/Facility Administrator, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITIONER MARTÍN ALEJANDRO GARCÍA ESPAÑA'S (A No. 246-062-618) *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDERING IMMEDIATE RELEASE (DKT. [2])**

Before the Court is *pro se* Petitioner Martín Alejandro García España's ("Petitioner")[1] *Ex Parte* Emergency Application for Temporary Restraining Order ("Application") seeking a temporary restraining order ("TRO") ordering Respondents[2] ("Respondents") to immediately release Petitioner from custody. *See* Dkt. # 2 ("*Appl.*") at 7. On November 12, 2026, the Court issued a standing order enjoining Petitioner's removal from the District pending further orders from the Court and setting Respondents' opposition brief deadline for 12:00 p.m. on Friday, November 13, 2026. *See* Dkt. # 7. The

[1] Because Petitioner is proceeding *pro se*, the Court is "obligated to liberally construe [his] documents," looking "to the contents of [his] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. pet. granted sub nom. Nielsen v. Watanabe*, No. 25-417 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

[2] The habeas petition and TRO Application list Respondents as: the Warden/Facility Administrator of the Desert View Facility; the Field Office Director of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") Adelanto Sub-Office; David J. Venturella (Acting Director of ICE); Markwayne Mullin (Security of the U.S. Department of Homeland Security); and Todd Blanche (Attorney General of the United States). *See* Dkt. # 1 at 3; Dkt. # 2 at 1.

deadline to oppose the Application expired and Respondents did not file an opposition brief. For the reasons set forth below, the Court **GRANTS** the Application.

I. Background

The habeas Petition alleges as follows:

Petitioner was born in Xochimilco, Distrito Federal, Mexico on October 24, 1979. Dkt. # 1 ("*Pet.*") at 3. Petitioner entered the United States "more than ten years ago by crossing the southern border." *Id.* Since that time, Petitioner has established "deep roots" in the Lompoc, California community "through stable employment, residence, medical care, and family connections." *Id.* ("[Petitioner] has resided continuously in the interior of the United States for more than a decade."). "Petitioner was not apprehended at the border upon entry, was not processed at a port of entry, and was not taken into custody at the time of crossing." *Id.* Petitioner was not issued an I-94 parole document nor an I-220A or I-220B document. *Id.*

Petitioner has current removal proceedings pending before the Adelanto Immigration Court. *Id.* at 4. The Executive Office for Immigration Review's ("EOIR") automated system confirms that the case is pending, with a docket date of October 16, 2026. *Id.* Petitioner has a master calendar hearing scheduled for November 6, 2026, before an Immigration Judge ("IJ") in Adelanto, California. *Id.* Petitioner has not been issued a final order of removal. *Id.* Petitioner does not have an appeal pending before the Board of Immigration Appeals ("BIA"). *Id.* ("Petitioner has not been ordered removed, and his removal proceedings are at the earliest stage.").

Petitioner represents he "has no criminal history whatsoever." *Id.* Petitioner has not been convicted of any offense that would trigger mandatory detention under Title 8 U.S.C. § 1226(c). *Id.*

Between April 21, 2025, and April 27, 2025, Petitioner worked as a "vegetable cutter" in the agricultural fields near Lompoc, California. *Id.* at 5. Petitioner earned regular wages of $800.92 plus overtime of $48.40, for a total of $849.32. *Id.* Petitioner represents he had "stable employment and a fixed residence in Lompoc before his arrest, establishing substantial community ties[.]" *Id.* Petitioner resides in an apartment in Lompoc. *Id.* He receives mail and pays rent from his Lompoc address. *Id.*

Petitioner has been receiving medical treatment for cirrhosis. *Id.* Petitioner's cirrhosis produces "ascites," which creates excess fluid in his abdomen. *Id.* at 5, 12. Petitioner receives medical treatment from the Lompoc Valley Cardiovascular Center. *Id.* Petitioner has an "ongoing relationship" with this cardiovascular center. *Id.* He has expressed concern about receiving his heart medications while in detention. *Id.*

Petitioner has a younger brother who depends on him emotionally and economically. *Id.* at 6. Petitioner is also a father and self-identified "family man." *Id.* Petitioner has relatives who are United States citizens or lawful permanent residents. *Id.*

On October 7, 2026, Petitioner was arrested by immigration agents in Lompoc, California while he was in transit to work. *See id.* at 4. Petitioner has been in continuous ICE custody since that date. *Id.* As of November 4, 2026, he had been detained for approximately 28 days at the Desert View Facility in Adelanto, California. *Id.* Petitioner did not receive any "document identifying the statutory authority for his detention," such as a Notice to Appear. *Id.* at 6. "ICE has not provided him with copies of these records." *Id.* "Petitioner has never received any custody determination, bond hearing, or individualized review of his dangerousness or flight risk." *Appl.* at 3–4.

While in detention, the continuity of Petitioner's medical care is at risk. *See Pet.* at 12. Petitioner has expressed concern about receiving his heart medications while in custody. *Id.* "The government has not demonstrated that it can adequately manage his liver disease and cardiovascular condition in the detention setting." *Id.*; *see also Appl.* at 2 (arguing petitioner's medical conditions "make his continued detention particularly harmful"). Petitioner's detention has also "severed his ability to support his dependent family members and maintain his family responsibilities." *Pet.* at 6.

## II. Legal Standards

### A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

## III. Discussion

### A. *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody for over one month, since October 7, 2026, without receiving a pre-deprivation hearing, an opportunity to contest his detention, or any indication that his removal is likely in the foreseeable future. Petitioner has been unable to earn wages or otherwise provide for his family. Nor has Petitioner been able to engage with his community or family. Petitioner

suffers from cirrhosis of his liver, and his detention has halted his treatments at the Lompoc Valley Cardiovascular Center. It is unclear whether Petitioner is receiving his heart medications while in detention. If the Court heard the motion according to regularly noticed motion procedures, that would leave Petitioner detained for several additional weeks. Thus, after over one month in continued detention, *ex parte* relief is warranted.

B. Request for Relief from Detention

*i. Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention. Petitioner argues that immigration authorities deprived him of the protections guaranteed by 8 U.S.C. § 1226(a) and the protections guaranteed by the Fifth Amendment's Due Process Clause for restraining his physical liberty without due process. *See Pet.* at 9–11; *Appl.* at 3. "Given that due process interests are at stake, [the Court] look[s] to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a liberty interest in being free from detention. As other courts have identified, a petitioner may have a liberty interest in freedom from detention regardless of whether he was previously in ICE detention. *See, e.g.*, *Rivas Garcia v. Current or Acting Field Dir.*, No. 1:26-cv-03245 DAD SCR, 2026 WL 1265937, at *4 (E.D. Cal. May 8, 2026) ("Even assuming petitioner was not previously released at the discretion of immigration officials,[] he has a general liberty interest in freedom from detention.") (footnote omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other

forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))).

Petitioner also has an interest in avoiding prolonged detention. *See Doe v. Becerra*, No. 23-cv-05327-RMI, 2024 WL 1018519, at *5 (N.D. Cal. Mar. 7, 2024) ("As to the first factor, it does not require much to conclude that Petitioner has a compelling interest—to say the least—in avoiding prolonged detention; it is equally evident that the government's interference with that interest necessarily increases while Petitioner spends more and more time in detention." (citation omitted)). And Petitioner's detention impedes his ability to maintain gainful employment and financially provide for his family. Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, the Petition and Application state Respondents ignored both the pre-deprivation safeguards afforded by the Fifth Amendment, and the "extensive procedural protections" afforded by 8 U.S.C. § 1226(a), including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022); *Paso v. Warden*, No. 1:26-cv-05885-TLN-CKD P, 2026 WL 2280957, at *2 (E.D. Cal. Aug. 7, 2026). And the Application represents Respondents never provided Petitioner with an individualized custody determination. *See Appl.* at 2; *see also Sargento-Ramirez v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-07528-DAD-SCR (HC), 2026 WL 2883476, at *1 (E.D. Cal. Sept. 25, 2026) ("[W]hen the government fails to arrest a petitioner following or contemporaneously with the issuance of a warrant or provide a petitioner with an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), immediate release is mandated.") (citation omitted).

"The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). Respondents' "failure to provide petitioner with any of § 1226(a)'s 'substantial procedural protections,' . . . including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d), violated procedural due process." *Rivas Garcia*, 2026 WL 1265937, at *4 (internal citation omitted). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release. *Sargento-Ramirez*, 2026 WL 2883476, at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06734-MWC-KES **(ADELANTO)** Date: November 17, 2026

Title: Martín Alejandro García España v. Warden/Facility Administrator, *et al.*

Though the Court must also assess the government's interests, Respondents' failure to oppose the Application indicates to the Court that it concedes in granting the Application. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, . . ."); *Orduz Zambrano v. Marin*, No. 5:26-cv-01391-MRA-PVC, 2026 WL 1104764, at *2 (C.D. Cal. Apr. 17, 2026) (concluding petitioner was likely to succeed on his claim that his detention is unlawful because the government "does not oppose the TRO Application," "does not rebut Petitioner's allegations," and "fails to present any legal justification for detaining Petitioner"). Accordingly, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

*ii. Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). While detained, Petitioner cannot see his family, nor can he continue working to earn income to support himself or his loved ones. Petitioner also cannot receive adequate medical treatment. "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez*, 872 F.3d at 999). Further, "given the lack of opposition, the government does not dispute that deprivation of physical liberty by detention constitutes irreparable harm." *Zambrano*, 2026 WL 1104764, at *2. As a result, this factor weighs in favor of granting Petitioner's release from detention.

*iii. Balance of the Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025

WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

C. Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law); *see also Zambrano*, 2026 WL 1104764, at *2 (exercising discretion to waive bond requirement "because Respondent have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06734-MWC-KES **(ADELANTO)** Date: November 17, 2026

Title: Martín Alejandro García España v. Warden/Facility Administrator, *et al.*

demonstrated any likelihood of harm if the Court grants the requested TRO or presented any evidence demonstrating that a bond is needed.”).

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner (A No. 246-062-618) immediately under the same terms applicable to him prior to his October 7, 2026 detention.

2. When releasing Petitioner, Respondents must return any property seized from him in the course of his arrest and detention.

3. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing before a neutral adjudicator.

4. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

Respondents must file a declaration by **12:00 p.m. on Thursday, November 19, 2026**, attesting to Petitioner’s release. Respondents are further **ORDERED** to show cause, in writing, no later than seven (7) days after this Order issues as to why a preliminary injunction should not issue. Petitioner may file a response no later than seven (7) days after Respondent’s filing.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ